# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:20-cr-00334-IM-1 |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE** |
| **ELIAS ARELLANO**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Elias Arellano, USM #81851-065, FCI Sheridan, P.O. Box 5000, 27072 Ballston Rd. Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before the Court is Defendant Elias Arellano's Motion for Reduction in Sentence under

18 U.S.C. § 3582(c)(1)(A)(i). Defendant's Motion for Reduction in Sentence ("Mot."), ECF 31.

Defendant argues that COVID-19-related conditions at Federal Correctional Institution Sheridan

("FCI Sheridan") are "extraordinary and compelling circumstances" that require a reduction in

his sentence. *Id.* The Government opposes the Motion. Response to Defendant's Motion for

PAGE 1 – OPINION AND ORDER

Reduction in Sentence ("USA Resp."), ECF 32. It argues that Defendant's motion does not

provide individualized reasons for a reduction. *Id.* at 4–8. It also argues that a sentence reduction

would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 8–11. The

Court agrees with the Government and therefore DENIES Defendant's Motion for Reduction in

Sentence, ECF 31.

## BACKGROUND

In December 2020, Defendant pled guilty to one count of Conspiracy to Possess with the

Intent to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(B)(i), and 846. Plea Agreement, ECF 19 at 1–2; Mins. of Proceedings, ECF 21. On

March 8, 2021, this Court sentenced Defendant to 110 months of imprisonment and 4 years of

supervised release. Judgment & Commitment, ECF 29. On August 21, 2023, Defendant moved

to reduce his sentence. Mot., ECF 31. Defendant is currently incarcerated at FCI Sheridan, with a

projected release date of May 15, 2027. USA Resp., ECF 32 at 3.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*,

975 F.3d 989, 992–93 (9th Cir. 2020). To receive compassionate release, Defendant must show

(1) that he has fully exhausted all administrative remedies; (2) that he has extraordinary and

compelling circumstances; and (3) that his release is consistent with the sentencing factors under

18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Government assumes that Defendant has

exhausted his administrative remedies but argues that he fails to satisfy the remaining elements.

USA Resp., ECF 32 at 3–4. Because Defendant is unable to meet his burden, the Court DENIES

Defendant's Motion for Reduction in Sentence. *See United States v. Keller*, 2 F.4th 1278, 1284

(9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants*

compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.").

## A. Extraordinary and Compelling Circumstances

Defendant's Motion argues generally that the conditions of his confinement during the COVID-19 pandemic have "resulted in a sentence that was more severe than the Court could have contemplated when it originally sentenced him." Mot., ECF 31 at 1. Defendant also argues that his sentence was "enhanced by the recently defunct 4A1.1(d) 'status points,'" which he claims "presents a disparity." Mot., ECF 31 at 2. Defendant's allegations do not constitute extraordinary and compelling circumstances.

To show extraordinary and compelling circumstances, Defendant must present information about his individual health, family situation, rehabilitation, or danger to the community. *Cf.* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. nn, 1, 3–4 (U.S. Sent'g Comm'n 2021). But generalized issues with a sentence—that is, complaints any incarcerated person could have about prison conditions—do not rise to the level of "extraordinary and compelling circumstances." *See United States v. Navarrete-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. LEXIS 123853, at *2–3 (D. Or. July 8, 2022). Furthermore, motions criticizing prison conditions during the COVID-19 pandemic are not specific and individualized enough to satisfy the extraordinary and compelling circumstances test. *See, e.g.*, *United States v. Nawaz*, No. 16 Cr. 431(AT), 2021 WL 664128 (S.D.N.Y. Feb. 19, 2021); *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311 (N.D. Cal. Nov. 9, 2020).

Defendant's claims about the general conditions at FCI Sheridan and the recent change in the law fail to establish extraordinary and compelling circumstances. Regarding the conditions at FCI Sheridan, Defendant has not presented any information specific to his own circumstances. Any person incarcerated there could say what Defendant has said about the conditions—indeed,

many have through similarly worded motions. *See* USA Resp., ECF 32 at 4 n.1. As to Defendant's claim about U.S.S.G. § 4A1.1(d), that anticipated change to the sentencing guidelines is expected to take effect on November 1, 2023, so Defendant's argument is premature. *See* USA Resp., Attach. A, ECF 32-1 at 1, 43. Even if the amendment were in effect, Defendant's argument still fails because the status points added per § 4A1.1(d) did not enhance his sentence. *See* Presentence Investigation Report ("PSR"), ECF 23 ¶¶ 45–47, 92. Accordingly, the Court holds that Defendant has not presented extraordinary and compelling circumstances.

**B.  The Sentencing Factors**

Defendant argues that there are "circumstances unforeseen by" this Court that require a reduction in his sentence under the sentencing factors. Mot., ECF 31 at 1. This Court disagrees. When it sentenced Defendant in March 2021, the Court took full account of Defendant's presentence report, both sides' representations, and the sentencing guidelines. And because Defendant was sentenced after 2020, the Court sentenced Defendant with full awareness of the conditions at FCI Sheridan. Defendant has not presented any new information to the Court.

The Government argues that Defendant's criminal history, pending charges, poor institutional performance, and poor supervision history all require denial of Defendant's motion. USA Resp., ECF 32 at 8–10. Defendant was convicted of delivery of methamphetamine in 2011, and, after numerous violations of his probation, he was sentenced to 26 months in prison and three years of post-prison supervision. PSR, ECF 23 ¶ 42. While on supervision, he was arrested for and later convicted of delivery of heroin. *Id.* While on supervision for that offense, he was indicted for unlawful use of a weapon, felon in possession of a firearm, discharging a firearm within city limits, and attempting to elude a police officer related to an apparent drive-by shooting. *Id.* ¶¶ 42–43, 56. He received a 120-day violation sanction. *Id.* ¶ 56. Defendant committed the instant offense just days after his release for that supervision violation, "while still

PAGE 4 – OPINION AND ORDER

wearing his state GPS ankle monitor and while pending charges for serious firearms offenses." USA Resp., ECF 32 at 8 (emphasis omitted). The Government claims that a reduction in sentence despite these facts would upset the 18 U.S.C. § 3553(a) sentencing factors. This Court agrees. Any change to Defendant's sentence would be inconsistent with the sentencing guidelines.

**CONCLUSION**

Defendant has not given any individualized reasons to reduce his sentence. And Defendant has not presented any new information to the Court relevant to the sentencing guidelines. Accordingly, this Court DENIES Defendant's Motion for Reduction in Sentence, ECF 31.

**IT IS SO ORDERED.**

DATED this 5th day of October, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge